The PRESIDENT
delivered the opinion of the court.
We do not take into consideration the depositions, touching the merits of the causé, before the jury. They were the proper judges upon that subject. As to the unfairness of the trial on the score of surprise, there is no doubt, but that if it were proved, it would afford good ground for granting a new trial; *as if the cause were tried out of its turn, without the previous consent of the party. But the court think the proof too slender to establish the fact.
To meddle with the verdict of a jury, upon the evidence of some of the jurors, is a delicate business, and should be proceeded in with caution, to prevent the mischief of the jurymen being tampered with. Bord Mansfield very properly, in the case cited from Durnf & East, refused a new trial upon the affidavit of two of the jurors, that the cause was decided by cross and pile, because it went, not only to prove themselves guilty of misbehaviour, but also ten others of the jury. But here, ten of the jurors are examined, and eight of them agree in the fact, that part of their body were opposed to giving any damages at all, and that the verdict was found on the opinion of a majority. Eour of them swear that they did not incline to give any damages j that they did not dissent from the verdict, in consequence of a misapprehension of the-law, and a belief that the opinion of the majority was to prevail; that they did not previously agree to be bound, by the determination of a majority; and that, if they had known, that they could have prevented a verdict till their consciences were satisfied, they would not. have agreed to the verdict. There does not appear to have been any tampering with the jurors by any person, in order to obtain this information. It comes out upon examination as other testimony does: — a great majority of the jury confirm the fact to which these four have sworn; and none of them contradict it. It is clear therefore that the verdict was found under a mistake, and that a new trial should be awarded. — -The inconvenience which may happen from another trial, if real, is to be attributed to the party who complains of it. — It might, but for him, have been had at a much earlier day.
The decree of the chancéllor must be reversed and that of the County Court affirmed.